JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Bay-West Electric Company, Inc., appeals from the judgment of the Rocky River Municipal Court, Small Claims Division, Case No. 00-CVI-1767, in which the lower court found in favor of the appellant in the amount of $443, plus interest. From this decision, this appeal follows.
{¶ 2} The instant matter stems from a dispute between Bay-West Electric Co., Inc. ("Bay-West") and GMS Construction, Ltd. ("GMS") concerning electrical work to be performed at a residence located in Bay Village, Ohio. GMS was a general contractor hired to repair a home damaged by fire. GMS subcontracted with Bay-West to perform electrical work at said property on a time and material basis.
{¶ 3} Bay-West contends that GMS failed to pay Bay-West for electrical work performed at the residence, while GMS asserts that Bay-West failed to provide satisfactory service. In failing to provide said service, GMS contends that the electrical work failed to pass city inspection thereby requiring GMS to seek satisfaction through other avenues.
{¶ 4} Bay-West filed the instant matter in the Small Claims Division of the Rocky River Municipal Court. The complaint alleged a sum due and owing in the amount of $2,081 for electrical sub-contract work furnished to GMS. On December 4, 2000, the magistrate issued a recommendation in favor of Bay-West in the amount of $1,500. Bay-West filed objections to the magistrate's decision, and on March 15, 2001, the magistrate issued Findings of Fact and Conclusions of Law which reaffirmed the previous recommendation of December 4, 2000.
{¶ 5} Thereafter, on March 27, 2001, GMS petitioned the lower court to present new evidence with respect to the instant matter. On April 23, 2001, the lower court graciously set the matter for hearing allowing each party to present new evidence. On April 25, 2001, the magistrate recommended judgment in favor of Bay-West in the amount of $443, plus interest. The magistrate issued Findings of Fact and Conclusions of Law on September 17, 2001. Once again, Bay-West filed objections to the magistrate's recommendation.
{¶ 6} Finally, on September 24, 2001, the lower court issued a separate journal entry adopting the magistrate's Findings of Fact and Conclusions of Law and affirming the judgment of $443, plus interest, in favor of Bay-West.
{¶ 7} It is from the decision of the lower court that Bay-West now appeals. For the foregoing reasons, the appellant's appeal is well taken.
{¶ 8} The appellant presents one assignment of error for this court's review. The appellant's sole assignment of error states:
 {¶ 9} I. THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND VIOLATED RULE 53(E)(4)(B) OF THE OHIO RULES OF CIVIL PROCEDURE BY ISSUING A ONE SENTENCE JUDGMENT MERELY ADOPTING THE MAGISTRATE'S RECOMMENDATION, WITHOUT ANY APPARENT DELIBERATION * * * WITHOUT ANY APPARENT RULING OR CONSIDERATION GIVEN TO THE DETAILED, SPECIFIC OBJECTIONS TO THE MAGISTRATE'S FINDINGS OF FACT AND CONCLUSIONS OF LAW, * * *.
{¶ 10} Ohio Rule of Civil Procedure 53(E)(4)(b), relating to a magistrate's recommended judgment and the lower court's ability to adopt the same, provides the following:
 {¶ 11} (b) Disposition of objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. * * *. (Emphasis added.)
{¶ 12} In reviewing the entire record, it is clear that the lower court did not rule on any of the written objections proffered by the appellant. In 1998, Ohio Rule of Civil Procedure 53(E)(4)(b) was amended. The amendment was enacted because some trial judges apparently had avoided ruling upon objections to magistrates' reports since the previous rule appeared to require only "consideration" of the objections. Civ.R. 53 (2002), Commentary, Staff Notes. Specifically, the amendment clarified that the judge is to rule upon, not just consider, any objection. Id.
{¶ 13} In light of the above, it is clear that the lower court must rule on any objection made by either party to a magistrate's recommendation before adoption. In reviewing the record, it is clear that the lower court did not rule on the properly submitted objections of the appellant, and, as such, the lower court was in error. It should be noted that this court does not dispute, nor does this court make any judgment, as to the magistrate's decision.
{¶ 14} The instant matter is remanded for the sole purpose of the lower court ruling on the appellant's timely filed objections to the magistrate's recommendation.
This cause is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND JAMES D. SWEENEY, J., CONCUR.